**UNITED STATES BANKRUPTCY COURT**
Southern District of Florida
www.flsb.uscourts.gov

In Re:                                                                                     Case Number  21-21964-BKC
**Ilan Doron**                                                            Chapter **11**

       Debtor

_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

In compliance with Local Rule 2081-1(B), the Debtor-in-Possession files this Chapter 11 Case Management Summary and states:

The following data represents approximations for background information only and the information may represent the Debtor's best estimate in response to some of the ensuing questions.

1. Date of Order for Relief under chapter 11 (filing date of petition if voluntary chapter 11 petition): December 23, 2021 (the "Petition Date")

2. Names, case numbers and dates of filing of related debtors: N/A

3. Description of debtor's business:

The Debtor is primarily engaged in two commercial or business activities. The Debtor's source of income is derived through Zoned, LLC, a Delaware limited liability company which is wholly owned by the Debtor ("Zoned"). Zoned is in the music entertainment business. Through Zoned, the Debtor is hired as a DJ to perform at special event venues. Engagements are typically booked through a booking agent, and the Debtor's revenue is based on net booking fees. These booking fees are paid to Zoned, net of the agent's fees and the Debtor's travel expenses. The Debtor is also the sole shareholder of NCM Wireless, Inc. and sole member of NCM Group, LLC (collectively, "NCM"). NCM is in the business of wholesale electronics, selling technology and office products to a multitude of domestic and international retailers and wholesalers.

4. Locations of debtor's operations and whether the business premises are leased or owned: Both Zoned and NCM are virtual businesses which own no furniture, fixtures or equipment and have no employees.

5. Reasons for filing chapter 11:

NCM's business operations were funded in part through non-institutional lending arrangements sourced from private money lenders. Some of these loans were enforceable loans, and others were either only putative loans or unlawful as they imposed an effective interest rate which met or exceeded the boundaries of criminal usury. Nevertheless, many of these lenders brought legal action against the Debtor in multiple jurisdictions after default by NCM based upon an alleged guaranty or subsequent breach of a settlement agreement. As of the Petition Date, NCM was actively litigating or negotiating settlements in over 30 litigation matters in three jurisdictions. At the same time, NCM was pursuing the collection of accounts receivable, insurance claims, sorting out competing secured claims against NCM's inventory, negotiating with vendors and otherwise managing the wind down of NCM's business. The Debtor was devoting the great majority of his time to the foregoing tasks, with managing negotiations and litigation taking the lion's share of this dedicated time, and taking away from the Debtor's ability to generate additional revenue thorough Zoned.

While the Debtor was engaging in active negotiations to resolve several pending lawsuits and claims, and otherwise managing the business affairs of NCM, two critical events occurred: First, on September 3, 2021, judgment creditor Terrapin Business Funding LLC ("Terrapin") restrained (garnished) the Debtor's personal checking and savings accounts through New York procedural law, in addition to two business accounts over which the Debtor is an authorized signer (including Zoned, which is not a judgment debtor liable to Terrapin (the "Terrapin Restraint").

The Debtor negotiated a standstill agreement with Terrapin. Second, judgment creditor Robert Pease, upon information provided, in violation of a *Settlement Discussion Agreement*, improperly obtained a writ of garnishment in December, 2021 which was then delivered to the transfer agent for the issuer of common stock in a public company owned by the Debtor (the "Pease Garnishment").

The timing of the Debtor's bankruptcy filing was ultimately precipitated by the Pease Garnishment. Shortly after the Petition Date, on December 27, 2021, the United States District Court for the Southern District of Florida terminated the Pease Garnishment. By commencing this Chapter 11 bankruptcy case, the Debtor prevented a single creditor from obtaining an advantage over the Debtor's other judgment creditors, settled claims and other legitimate claims with respect to the common stock owned by the Debtor.

Moreover, on December 30, 2021, and because of the Debtor's bankruptcy filing, Terrapin agreed to withdraw the Terrapin Restraint. This will allow the Debtor to continue operating Zoned and his own accounts as a debtor-in-possession. Therefore, by this bankruptcy filing, the Debtor sought to create a level playing field for the benefit of all legitimate creditors.

Ultimately, the Debtor wishes to avail himself of the Chapter 11 process in order to negotiate and propose a plan of reorganization which allows him to address all legitimate debts in an orderly fashion and in a single forum, without one creditor obtaining an undue advantage, and with the benefit of all available resources. In addition, if it becomes necessary, rather than litigating the validity of claims in multiple courts and at great expense, the Debtor believes this Court will allow him an opportunity to seek redress in one forum without inconsistency in rulings. Lastly, the Debtor believes the Chapter 11 process and single forum will allow for a negotiated

(and likely mediated or through the assistance of the Subchapter V Trustee) resolution which includes all creditors, rather than the Debtor's piecemeal efforts to date.

6. List of officers and directors, if applicable, and their salaries and benefits at the time of filing and during the 1 year prior to filing: N/A

7. Debtor's fiscal or calendar year to date gross income and the debtor's gross income for the calendar or fiscal year prior to the filing of this petition:

2020: $300,000 (approx.)

2021: $250,000 (approx. calendar year)

8. Amounts owed to various creditors:

a. Obligations owed to priority creditors including priority tax obligations:

Unknown.

b. With respect to creditors holding secured claims, the name of and amounts owed to such creditors and a description and estimated value of all collateral of the debtor securing their claims, and

N/A

c. Amount of unsecured claims: $7,241,187.39

9. General description and approximate value of the debtor's assets: The Debtor's primary asset is described as follows:

> Sysorex Inc. TKR (OTC): SYSX
> 4,700,000 shares
> Valued at $.22 per share as of 12/20/21

The Debtor's remaining assets are limited to shares or membership interests in either wholly owned or privately owned businesses which are inactive or illiquid. Once the

Terrapin Restraint is released, the Debtor will have some cash on hand. The balance of the Debtor's assets are exempt household furnishings and clothing.

10. List of all insurance policies, the property covered under the policy, the name of the insurer, the policy number, amount of coverage, whether the premium is current, the date the next premium is due and date the policy expires; N/A

11. Number of employees and amounts of wages owed as of petition date: N/A

12. Status of debtor's payroll and sales tax obligations, if applicable. This does not eliminate the obligation of chapter 11 debtors (other than individuals not engaged in business) to provide the more detailed payroll tax information required by Local Rule 2081-1(A): N/A

13. Anticipated emergency relief to be requested within 14 days from the petition date:

The Debtor does not anticipate requiring any relief on an emergency basis within 14 days from the petition date. However, on January 4, 2022, the Debtor filed an expedited motion to reject the Debtor's automobile lease with BMW Financial Services, Inc. [ECF No. 22].

_____
ILAN DORON

*/s/ Steven J. Solomon*
GRAYROBINSON, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887
E-mail: Steven.Solomon@Gray-Robinson.com

By: */s/ Steven J. Solomon*
Steven J. Solomon
Florida Bar No.: 931969
*Proposed Counsel to the Debtor and Debtor-in-Possession*