UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                                   Case No. 21-21964-RAM
                                                                                         Chapter 11
ILAN DORON,

    Debtor.
_____/

## ROBERT PEASE'S NOTICE OF
## RULE 2004 EXAMINATION OF COMPUTERSHARE INC.

☐ **Testimony:** Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, Robert Pease will examine _____ under oath on **[date]** at **[time]**. The examination will be conducted Weissman & Dervishi, P.A., SunTrust International Center, One Southeast Third Avenue, Suite 1700, Miami, Florida 33131 **[via video conference or telephone (include registration or dial-in details)]**, and will be recorded by **[method of recording]**. The examination may continue from day to day until completed.

■ **Production:** Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, Robert Pease requests that **Computershare Inc.** produce the documents, electronically stored information, or objects described on the attached schedule (or if the examination is of a witness other than the debtor, on the attached subpoena), who must permit inspection, copying, testing, or sampling of the materials on **February 4, 2022, by no later than 5:00 p.m.**, at the law offices of Weissman & Dervishi, P.A., SunTrust International Center, One Southeast Third Avenue, Suite 1700, Miami, Florida 33131.

    If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

    Dated: January 14, 2022.

*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

                                                  Respectfully submitted,

                                                  WEISSMAN & DERVISHI, P.A.

                                                  By:    /s/ Peter A. Tappert

        Brian S. Dervishi
        Peter A. Tappert
        Fla. Bar Nos. 350303 and 27100
        SunTrust International Center
        One Southeast Third Avenue, Suite 1700
        Miami, Florida 33131
        305-347-4070 (Telephone)
        305-347-4077 (Facsimile)
        bdervishi@wdpalaw.com
        ptappert@wdpalaw.com
        service@wdpalaw.com

        Attorneys for Robert Pease

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2022, a true and correct copy of the foregoing was served by CM/ECF on the parties named below and all others entitled to receive notice.

        /s/   Peter A. Tappert
        Peter A. Tappert

Steven J. Solomon, Esq.
GrayRobinson, P.A.
333 SW 2nd Ave, Suite 3200
Miami, FL 33131

Soneet R. Kapila, Trustee
Kapila Mukamal
1000 South Federal Highway, Suite 200
Fort Lauderdale, FL 33316

U.S. Trustee
Office of the U.S. Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re __ILAN DORON_____  Case No. __21-21964-RAM_____
    Debtor

Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____Computershare, Inc._____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE | DATE AND TIME |
|---|---|
| Weissman & Dervishi, P.A.<br>One SE Third Ave, Suite 1700<br>Miami, Florida 33131 | February 4, 2022, by no later than 5:00 p.m. |

*(Description of documents, electronically stored information, or objects)*
**SEE ATTACHED EXHIBIT A**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __January 14, 2022__

        CLERK OF COURT
                                        OR
    _____              /s/ Peter A. Tappert
    *Signature of Clerk or Deputy Clerk*        _____
                                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ___Robert Pease_____ who issues or requests this subpoena, are:
Peter A. Tappert, Weissman & Dervishi, P.A., SunTrust International Center, One SE Third Ave., Suite 1700, Miami, FL 33131
ptappert@wdpalaw.com (305) 347-4070

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

      (i) is a party or a party's officer; or

      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;

      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv) subjects a person to undue burden.

   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

      (i) expressly make the claim; and

      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

LF-84 (rev. 12/01/21)

## EXHIBIT "A"
## SUBPOENA TO COMPUTERSHARE INC.

### Definitions

1. The terms "you," "your," and "Computershare" refer to Computershare Inc., its authorized agents, representatives, employees, managers, officers, or directors, and any other person acting for it, on its behalf, or under its authority or control.

2. The term "Mr. Doron" means the Debtor, Ilan Doron, and persons acting, or purporting to act, on his behalf.

3. The term "NCM" means NCM Wireless Inc., and the entity it converted to by the name of NCM Group, LLC, and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on its behalf.

4. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

5. The word "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6. The word "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

7. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

8. The word "date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

9. The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

10. The terms "electronically stored information" and "ESI" mean and refer to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape, or other real or virtualized devices or media.

11. The term "native data format" means and refers to the format of ESI in which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities.

12. The term "metadata" means and refers to information about information or data

about data, and includes, without limitation: (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage, and/or validity of the electronic file and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

13. The term "static image" means or refers to a representation of ESI produced by converting a native file into a standard image format capable of being viewed and printed on standard computer systems.

14. The word "media" means an object or device, real or virtualized, including but not limited to a disc, tape, computer, or other device, on which data is or was stored.

15. The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

16. The word "communication" includes, but is not limited to, any and all conversations, meetings, discussions, and any other exchange, whether in person, by telephone, or electronically (including text, email, and instant messaging), as well as all letters, memoranda, telegrams, cables, and other writings or documents.

## Document Requests

Please produce the following:

1. All documents including any certificates pertaining to Mr. Doron's ownership of stock in Sysorex, Inc., including, but not limited to, the stock identified in the attached printout.

2. All documents pertaining to Mr. Doron's transfer of all or any part of his ownership of stock in Sysorex, Inc.

3. All documents that identify the person or entity to whom all or any part of Mr. Doron's Sysorex, Inc. stock was transferred.

4. All documents pertaining to the account of the person or entity to whom all or any part of Mr. Doron's Sysorex, Inc. stock was transferred.

5. All communications from Mr. Doron or anyone on his behalf directing you to transfer any stocks.

6. All your communications to or from Mr. Doron.

7. All account documents for any accounts in the name of Mr. Doron and/or NCM, or any entities for which either (a) has or had an ownership interest, direct or indirect, (b) is or was a manager, officer, or director, or (c) has or had signature authority.



| | Transactions |
|---|---|
| **SYSOREX, INC.** | From 5/7/2016 To 5/7/2021<br>Document Created: 5/7/2021 3:28 PM |

**Holder**
ILAN DORON

**Address**
3401 N MIAMI AVE, MIAMI FL 33127, UNITED STATES

**ID**
C0000001201

**Class:**
NEW COMMON - Book Entry

| Date | Transactions | Debit/Credit | Balance |
|---|---|---:|---:|
| 4/14/2021 | COMPANY ISSUANCE | +5,327,338 | 5,327,338 |
| | Run #: 693 | | |
| | Transfer #: 10000610 | | |
| | Certificate: 00000001-B | | |
| | Transaction Shares: 5,327,338 | | |
| | Original Shares: 0 | | |
| | Issued on: | | |
| | Restrictions Description(s): RULE 144 - Company approval required | | |