UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                    Case No. 21-21964-RAM
                                                                          Chapter 11
ILAN DORON,

    Debtor.
_____/

**CREDITOR ROBERT PEASE'S RESPONSE TO DEBTOR'S MOTION TO REQUIRE
ALL 2004 EXAMINATIONS OF THE DEBTOR TO OCCUR ON JUNE 22, 2022**

    Creditor, Robert Pease ("Pease"), responds as follows in opposition to the motion filed by the Debtor, Ilan Doron, seeking to require all the creditors in this case to complete the Rule 2004 examination of the Debtor in one day, on June 22, 2022 [DE #268]. The examination was noticed by Creditors, Daniel Friedman, Martin Friedman, and Fazoula Management LLC [DE #239], and while Pease filed a cross-notice [DE #250], as have other creditors [DE #251, 253, 255-256, 270], there is no agreement to complete the examination in one day, and it will likely be impossible to complete the examination in one day due to the number of creditors and the complexity of the financial transactions that underlie the claims filed in this case.

    1.    The Debtor filed his petition on December 23, 2021. He initially estimated his liabilities to be between $1,000,001 and $10,000,000 [DE #1]. He scheduled claims totaling $6,241,187 [DE #30]. However, claims have been filed totaling $42,220,129.

    2.    On January 14, 2022, Pease served the Debtor with a Rule 2004 notice requesting the production of documents [DE #35]. The notice contained 68 itemized requests and sought the documents by February 4, 2022. Pease had several discussions with the Debtor about the notice. On March 30, 2022, the Debtor produced just 121 pages saying that he would be producing "on a rolling basis with more to follow." To date, the Debtor has not produced any additional documents

despite Pease's repeated requests, and the Debtor still has not provided a written question-by-question response to the 68 itemized requests. As recently as May 27, 2022, Pease sent the Debtor detailed notes regarding documents that remain missing.

3.      Pease has also pursued discovery via third-party subpoenas [DE #36-37, 83-84, 118-120]. Truist Bank produced voluminous documents pertaining to the Debtor's accounts and the accounts of several of the Debtor's companies. The Debtor's main operating business, NCM Group, LLC, f/k/a NCM Wireless, Inc., had millions of dollars passing through its account on a monthly basis, up until the time it shut down in 2020. The account records show a complex series of financial transactions that take time to unravel. Mixed in with the revenue is about $30,000,000 of loans that the Debtor obtained from his creditors, including Pease.

4.      Meanwhile, NCM's receivables, if any, remain a mystery. On March 29, 2022, the Court granted the Debtor's application to employ Receivables Control Corporation to collect NCM's accounts receivable and ordered that (a) "RCC shall prepare a detailed list of all accounts receivable as soon as practicable and the Debtor shall file such report with the Court" and (b) "RCC shall prepare, and the Debtor shall file, monthly status reports regarding their ongoing collection efforts" [DE #169]. Two months later, neither the Debtor nor RCC has filed a list of accounts receivable or a monthly status report, in violation of the Court's order.

5.      Many of the creditors are evaluating whether to challenge the dischargeability of the debts owed to them, as evidenced by the extensions granted through July 31, 2022 [DE #244-246, 260, 265]. The non-dischargeability actions may be dependent on the specific circumstances of each loan and therefore each creditor, including Pease, should be allowed time to question the Debtor without the time constraint of having to complete the examination in one day. *See* 11 U.S.C. § 523(a)(2) (providing that a debt is not discharged where the debtor obtained credit by "false

pretenses, a false representation, or actual fraud").

6. The Debtor does not cite any legal authority for his motion seeking to limit the Rule 2004 examination to one day. The alleged prejudice – "having to allocate significant blocks of time and expense to prepare for and attend numerous Rule 2004 Examinations" – is unfounded. The Debtor should be aware that by filing chapter 11 bankruptcy he subjected his financial affairs to the close scrutiny of his creditors, particularly in this case given that before filing the Debtor was actively litigating dozens of cases by his creditors in multiple forums. It is the creditors who will be prejudiced if the examination of the Debtor is cut short.

WHEREFORE, Pease respectfully requests that the Court deny the Debtor's motion and not impose any time limit at this time on the Rule 2004 examination of the Debtor scheduled to begin on June 22, 2022, allowing the creditors to take as much time as they reasonably need to complete the examination, and granting such further relief as is just and appropriate.

*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By:  /s/ Peter A. Tappert
     Brian S. Dervishi
     Peter A. Tappert
Fla. Bar Nos. 350303 and 27100
One SE Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
bdervishi@wdpalaw.com
ptappert@wdpalaw.com
service@wdpalaw.com

Attorneys for Robert Pease

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 1, 2022, a true and correct copy of the foregoing was served by CM/ECF on the parties named below and all others registered to receive electronic service of court documents in this case.

/s/ Peter A. Tappert<br>Peter A. Tappert

Steven J. Solomon, Esq.
GrayRobinson, P.A.
333 SW 2nd Ave, Suite 3200
Miami, FL 33131

U.S. Trustee
Office of the U.S. Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130