

**ORDERED in the Southern District of Florida on July 28, 2022.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                       Case No.: 21-21964-RAM
                                               Chapter 11

ILAN DORON,

       Debtor.
_____/

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER AUTHORIZING
DEBTOR TO ENTER INTO DEFENSE AND INDEMNIFICATION
AGREEMENT ON BEHALF OF NCM GROUP, LLC AND WITH
GLOBAL MERCHANT CASH, INC. [D.E. 262]**

THIS MATTER came before the Court for a hearing on July 21, 2022 at 2:00 p.m. in Miami, Florida upon *Debtor's Motion for an order authorizing the execution by NCM Group, LLC ("NCM") of a Defense and Indemnification Agreement with Global Merchant Cash, Inc. ("GMC")* [D.E. 262] (the "Motion"). The Court finds (i) the relief requested in the Motion is in the best interests of the Debtor, his estate, his creditors and other parties in interest; (ii) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need

be provided; and (iii) upon the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Debtor is authorized to execute, on behalf of NCM Group, LLC ("NCM"), a Defense and Indemnification Agreement with Global Merchant Cash, Inc. ("GMC").

3. The Debtor is authorized, on behalf of NCM, to direct Amazon (via its counsel) to release the $93,267.05 (the "Funds") owed to NCM to Thompson Hine LLP, attn. Jeremy M. Campana, counsel for the GMC, as soon as reasonably possible, but in any event within five (5) days of the later of the entry of this Order and the full execution of the Defense and Indemnification Agreement attached to the Motion.

4. Counsel for GMC shall hold the funds in its trust account for sixty (60) days after entry of this Order, during which time any party with standing may file an objection with the Court contesting the priority of GMC's security interests in the Funds. If no objection is timely filed, counsel for GMC is authorized to disburse the Funds to GMC.

5. If an objection is filed, counsel for GMC is directed to continue to hold the Funds in its trust account until the Court directs otherwise. The Court shall hold a hearing as soon as practicable regarding the appropriate disposition of the Funds, and all rights and arguments with respect thereto, including whether the Funds are property of the Debtor's estate subject to this Court's jurisdiction, are hereby preserved. If an objection is filed, Counsel for GMC shall disburse the Funds only in accordance with the Court's directive, which the Court shall reduce to a written order. Counsel for GMC shall be held harmless for its actions in accordance with this Order.

6. If no objection is filed, counsel for GMC shall file a "Notice of No Objection" upon the expiration of the 60 days and prior to releasing the funds.

7. Nothing herein shall determine the validity of GMC's claims against the Debtor or NCM and all parties' rights, claims and defenses are preserved with respect thereto.

8. The Court retains jurisdiction regarding the implementation of this Order.

####

Submitted by:

*Steven J. Solomon, Esq.*
*GRAYROBINSON, P.A.*
*333 SE 2nd Avenue, Suite 3200*
*Miami, FL 33131*

Attorney Solomon shall serve a copy of this Order upon all interested parties and to file a Certificate of Service with the Court